UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.:

PARKER JOHN DETWEILER,

    Plaintiff,

vs.

MARIA CLASSON, individually, and
MICHAEL J. SCOTT, as SHERIFF of LEE
COUNTY, Florida,

    Defendants.
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

1.    This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against MARIA CLASSON, individually, and MICHAEL J. SCOTT, as SHERIFF of LEE COUNTY, Florida.

2.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Middle District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3.    Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the Florida Statutes.

**PARTIES**

4. Plaintiff PARKER JOHN DETWEILER is a citizen and resident of Lee County, Florida.

5. At all times referred to herein, Defendant MARIA CLASSON [hereinafter CLASSON or Defendant CLASSON] was a deputy sheriff for MICHAEL J. SCOTT, as SHERIFF of LEE COUNTY, Florida, and was acting under color of law, and in such capacity as an agent, servant, and employee of MICHAEL J. SCOTT, as SHERIFF of LEE COUNTY, Florida.

6. Defendant MICHAEL J. SCOTT, as SHERIFF of LEE COUNTY, Florida [hereinafter Defendant LEE COUNTY SHERIFF'S OFFICE or Defendant MIKE SCOTT, as SHERIFF of LEE COUNTY] is the SHERIFF of LEE COUNTY, Florida.  In this cause, Defendant LEE COUNTY SHERIFF'S OFFICE acted through its agents, employees, and servants, including Defendant CLASSON and others.

7. Plaintiff sues Defendant CLASSON in her individual capacity.

**FACTS**

8. On September 1, 2013, Defendant CLASSON responded to a nuisance complaint concerning motor vehicles improperly parked at or near 17316 Shell Road, Fort Myers, Lee County, Florida.

9. Upon arriving at the incident location, Defendant CLASSON observed Plaintiff, whereupon Defendant CLASSON requested that Plaintiff remove his hands from his pockets.

10. At all times material hereto, the request made by Defendant CLASSON to Plaintiff occurred during a consensual encounter.

11. Plaintiff complied and removed his hands from his pockets, but was nevertheless placed under arrest by Defendant CLASSON for the offense of resisting officer without violence,

in the absence of probable cause that Plaintiff committed any criminal offense.

12. Plaintiff was subsequently transported to the Lee County Jail for incarceration.

13. No criminal charges were ever filed.

14. The conduct of Defendant CLASSON occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CLASSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CLASSON, individually, in Count I, Plaintiff states:

15. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 14.

16. Defendant CLASSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

17. The conduct of Defendant CLASSON towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

18. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

19. As a further direct and proximate result of the conduct of Defendant CLASSON, Plaintiff suffered loss of liberty and freedom, mental and emotional pain and suffering, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v. Trial by jury as to all issues so triable; and

vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT MIKE SCOTT, AS SHERIFF OF LEE COUNTY, FLORIDA

For his cause of action against Defendant MIKE SCOTT, AS SHERIFF OF LEE COUNTY, FLORIDA in Count II, Plaintiff states:

20. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 14.

21. Defendant CLASSON proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

22. The actions of Defendant CLASSON, in causing the arrest of Plaintiff in the absence of probable cause, were taken in absence of lawful authority. The actions of Defendant CLASSON constitute false arrest/false imprisonment of Plaintiff under Florida law.

23. The false arrest/false imprisonment of Plaintiff by Defendant CLASSON was committed by Defendant CLASSON in the course and scope of her employment as a deputy sheriff for Defendant MIKE SCOTT, as SHERIFF of LEE COUNTY, Florida.

24. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and

damaged reputation, including business reputation/goodwill.

25. As a further direct and proximate result of the conduct of Defendant MIKE SCOTT, as SHERIFF of LEE COUNTY, Florida, Plaintiff suffered loss of liberty and freedom, mental and emotional pain and suffering, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $15,000.00 dollars;

    ii. Cost of suit;

    iii. Trial by jury as to all issues so triable; and

    iv. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   20th   day of August, 2017.

> By:   *s/. Hugh L. Koerner*
> Hugh L. Koerner
> Florida Bar No.: 716952
> Trial Counsel
> Attorneys for Plaintiff
> Hugh L. Koerner, P.A.
> Sheridan Executive Centre
> 3475 Sheridan Street, Suite 208
> Hollywood, FL 33021
> Telephone:  (954) 522-1235
> Facsimile:  (954) 522-1176
> Email: hlklaw@hughkoerner.com
> *Attorney for Plaintiff Parker John Detweiler*